### UNITED STATES v. PAGLIANO et al.

(Circuit Court, S. D. New York. January 27, 1893.)

1. IMMIGRATION —IMPORTATIONS FOR PURPOSES OF PROSTITUTION—INDICTMENT.
   An indictment charging that defendants did knowingly and willfully import and bring into the southern district of New York, from Naples, Italy, six women, named, for the purposes of prostitution within the United States, sufficiently charges the offense proscribed by Act March 3, 1875, § 3, (18 St. p. 477,) forbidding the knowing and willful importation of women into the United States for the purposes of prostitution.

2. SAME—INDICTMENT.
   Such an indictment need not set out the facts constituting the ultimate facts of importation.

3. SAME.
   Nor need the indictment specify the kind of prostitution referred to; the word "prostitution," as used therein, being sufficiently definite.

**4. SAME.**
Nor is it necessary to state the place within the United States at which the women were to be used for the purposes of prostitution.

**5. SAME.**
The indictment was not objectionable in alleging that defendants did "import and bring," etc., whereas the statute merely uses "import;" for, when used in this connection, the words are synonymous.

**6. SAME.**
Such indictment need not allege that the importation was in pursuance of an agreement made prior thereto.

**7. SAME—VERDICT—MOTION FOR NEW TRIAL.**
The verdict on trial of such an indictment will not be disturbed on motion for a new trial on the ground that the court was without jurisdiction, the evidence rendering it doubtful whether the importation was into another district, where no such objection was taken at the trial or presented by the record.

**8. SAME—EVIDENCE—ADMISSIBILITY.**
On trial of the indictment, testimony tending to show that defendants kept a house of prostitution in New York city for three years prior to the indictment is admissible to prove defendants' occupation, and the intent of the importation.

**9. SAME.**
The contents of the baggage of the women so imported being material on the question of their character, evidence that one defendant had possession of the checks for all such baggage was competent to show his connection with the importation, and, in the absence of explanation, justified the conclusion that he committed the offense charged.

**10. SAME—IMPEACHING WITNESS.**
On trial of an indictment charging a violation of Act March 3, 1875, § 3, (18 St. p. 477,) forbidding the importation of women for purposes of prostitution, three of the women alleged to have been imported for such purpose, being called on behalf of the government, testified that they were not prostitutes. *Held,* that affidavits of such persons, taken before the commissioner of immigration, and their testimony on an examination before the United States commissioner, wherein they swore they were prostitutes, imported for purposes of prostitution, were admissible in evidence, opportunity having been given them to explain their affidavits.

**11. SAME—INSTRUCTIONS.**
There was no error in refusing to charge that, if the jury believed that the women committed perjury by swearing they were not prostitutes, then they were not worthy of belief, and the case was devoid of evidence that they were.

At Law. Trial of an indictment against Clementino Pagliano and Francesco Pagliano, for violation of the act of March 3, 1875, (section 3,) forbidding the importation of women for purposes of prostitution. Judgment of conviction. Defendants move in arrest of judgment, and for a new trial. Denied.

The section in question reads as follows:

"Sec. 3. That the importation into the United States of women for the purposes of prostitution is hereby forbidden; and all contracts and agreements in relation thereto, made in advance or in pursuance of such illegal importation and purposes, are hereby declared void; and whoever shall knowingly and willfully import, or cause any importation of, women into the United States for the purposes of prostitution, or shall knowingly and willfully hold, or attempt to hold, any woman to such purposes, in pursuance of such illegal importation and contract or agreement, shall be deemed guilty of a felony, and, on conviction thereof, shall be imprisoned not exceeding five years, and pay a fine not exceeding five thousand dollars."

Edward Mitchell, U. S. Atty., and John O. Mott, Asst. U. S. Atty.
Daniel O'Connell, for defendants.

BENEDICT, District Judge. The defendants were indicted for a violation of the act of March 3, 1875, and, having been convicted, now move in arrest of judgment, and for a new trial. The indictment contained a single count, which charged that the defendants "did unlawfully and feloniously, knowingly and willfully, import and bring into the United States, to wit, into the southern district of New York, from a foreign place and country, to wit, from Naples, in the kingdom of Italy, six certain women, named, for the purposes of prostitution within the United States, against the peace," etc.

The first point made is that the facts constituting the importation are not stated in the indictment. It is said the indictment should state whether the importation was by steamer or over land, and where from, and that the importation was into the port of New York. The statement of the indictment is that the defendants imported into the United States, to wit, into the southern district of New York, from Naples, in the kingdom of Italy, the women named. This is, in my opinion, sufficient. It was not necessary to state the facts constituting the ultimate fact of importation; and the description of the importation as being from Naples into the southern district of New York was sufficient to inform the defendants of the nature of the charge.

It is next contended that the word "prostitution" as used in the indictment is not sufficiently definite; that the indictment should have specified the kind of prostitution referred to. In my opinion, to use the word "prostitution," as that word is used in connection with the other allegations of the indictment, was sufficient. There could be no mistake as to its meaning.

The next point is that the place in the United States at which the women were to be used for the purposes of prostitution is not stated. It is unnecessary, in an indictment under this statute, to state the place at which the women are to be used for the purposes of prostitution.

It is next objected that the indictment is fatally defective, because it uses the words "did import and bring," whereas the statute uses the word "import" only. This objection is without force. No distinction can be made in the law between the "importations" of persons and "bringing in" of persons. When the subject is persons, "importing" and "bringing" are synonymous terms.

It is further contended that the indictment should have alleged that the importation was in pursuance of an agreement made prior to the importation. The statute contains no such requirement.

The next point to be considered is whether the motion for a new trial should be granted, upon the ground that an importation into the southern district of New York was not proved. There was evidence tending to show that the women were brought from Naples in a steamer, which came from Naples to New York harbor, and there anchored. The defendants and the women left the steamer and went to Ellis island, on their way to New York city, and were

there detained by the emigration commissioner. Ellis island was within the state of New York, and within the southern district of New York; but it is said that by the agreement of 1892 (Laws N. Y. 1892) it became part of the state of New Jersey, and the point is made that upon the evidence the women were imported either into the eastern district of New York or into the district of New Jersey, and that this court had no jurisdiction because of the provisions of article 6 of the amendments to the constitution, which declares that "in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district where the crime shall have been committed, which district shall be previously ascertained by law."

It has been suggested that the effect of section 542 of the Revised Statutes, which gives to the district courts of the southern and eastern districts of New York concurrent jurisdiction over the waters within the counties of New York and Kings, etc., is to make these waters within the southern district of New York, as well as within the eastern district of New York, for the purposes of a prosecution like the present. If such an effect can be given to section 542 it would be desirable to do so, but this case does not require a consideration of that point, for the reason that the objection under consideration was not in any way raised at the trial. If such a point had been raised at the trial it might have been met by testimony showing an importation of the women within the city and county of New York; but no such question was called to the attention of the court at the trial, and no determination of the question was then made. Under such circumstances, it is too late to raise the question. The record, as it stands, shows the jurisdiction of the court, for the indictment charges the importation to have been within the southern district of New York, and the jury has found the charge true. The verdict should not now be disturbed upon a question not taken at the trial, nor presented by the record.

It is next contended that error was made in admitting testimony tending to show that the defendants kept a house of prostitution in the city of New York three years before the present indictment. Where the charge is of such a character as the one in question, in my opinion, the fact that the defendants had at any time kept or been connected with or lived in a house of prostitution may be shown for the purpose of proving the intent with which the girls in question were imported by the defendants. The testimony was not admitted for the purpose of showing, and did not show, a distinct offense on the part of the defendants, but only for the purpose of showing the occupation of the defendants; and for that purpose it was competent.

It is next objected that the court erred in admitting in evidence two photographs found in the possession of one of the defendants at the time of their arrest. If the photographs were considered by the jury to be portraits of any of the women named in the indictment, the possession of the photographs by the defendants was competent as testimony to show the connection of the defendant with the women. If the jury did not consider the pictures to be portraits

of any of the women, it is not seen how the admission of the photographs could prejudice the defendants.

It is next contended that the court erred in admitting evidence as to baggage checks, and as to the contents of the baggage represented by the checks. The checks were found in the possession of the male defendant, and were for baggage of steerage passengers. It was also proved that the girls had no baggage checks, and came in the steerage, while the defendants came in the cabin. The contents of the baggage was material on the question of the character of the women, and the possession by the defendant of the checks for all their baggage was competent to show his connection with the importation of the women.

It is further contended that the court erred in refusing to charge the jury that, if the jury believed that the women committed perjury on the trial by swearing that they were not prostitutes, then they were not worthy of belief, and the case is devoid of evidence that they were prostitutes. But, in my opinion, aside from the testimony of the women, there was sufficient testimony to carry to the jury the question whether the women were prostitutes or not. Moreover, if the jury found that the testimony of the women upon the stand that they were not prostitutes was false, the fact that the women swore falsely upon that point might properly be considered by the jury in connection with the other evidence in determining the issues of fact presented by the pleadings.

It is next contended that there is no evidence in the case that the male defendant, Francesco, committed the offense charged in the indictment. In my opinion, the possession by the defendant of the checks for all the baggage of the party tended to connect the defendant with the importation, and, in the absence of any explanation, would justify the conclusion that he was engaged in the importation.

On the trial, after three of the women named in the indictment were called by the government to prove that they were prostitutes, and had been imported by the defendants, and each for herself testified that she was not a prostitute, the district attorney was thereupon permitted to put in evidence an affidavit made by the witnesses in the inquiry before the commissioner of emigration, and the testimony of the witnesses given before the United States commissioner on the proceedings before him upon the preceding examination, in which the witness had distinctly sworn that she was a prostitute, brought from Naples by the defendants for the purposes of prostitution. These affidavits, and the testimony before the commissioner, were admitted in pursuance of the rule as stated in 1 Greenl. Ev. 443, 444. Full opportunity was given to the witnesses to explain their affidavits, and they did explain the same, and showed that they knew of their existence, and the contents; and (whether correctly or not I do not say) the jury were charged that the affidavits could not be taken as proof of the facts stated therein. I am of the opinion that no error was committed by admitting the affidavits under such circumstances. The motions are denied.